IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

BEVERLY WALL and
JOHNNY WALL,

**Plaintiffs,**

vs.

No.

**JURY TRIAL DEMANDED**

WAL-MART STORES EAST, LP,

**Defendant.**

## COMPLAINT

COMES NOW the Plaintiffs, Beverly Wall and Johnny Wall, by and through their counsel of record, and file this complaint for personal injuries sustained as a result of an injury received at the hand of the Defendant as follows:

### I. PARTIES

1. The Plaintiffs are residents and citizens of Southside, Montgomery County, Tennessee.

2. At all times relevant to this Complaint, Defendant, Wal-Mart Stores East, LP, is a foreign duly authorized Limited Partnership doing business in Tennessee. Their principal place of business is located at 702 SW 8th Street, Bentonville, Arkansas 72716-6209 with CT Corporation System, located at 300 Montvue Road, Knoxville, Tennessee 37919-5546, as their registered agent for service of process.

### II. JURISDICTION AND VENUE

3. Plaintiffs' cause of action arises in tort under and by virtue of the laws of the State

of Tennessee for the injuries they sustained as a result of a fall on the premises owned and operated by Defendant Wal-Mart Stores East, LP, on or about August 19, 2017, in Montgomery County, Tennessee.

4. The Court has jurisdiction over the claims raised herein, pursuant to 28 U.S.C. § 1332, as this matter is between parties of different states with complete diversity and involves an amount in controversy in excess of $75,000.00.

5. Venue for this action properly lies in the Middle District of Tennessee, pursuant to 28 U.S.C. § 1391, as the Defendant's tortuous acts and/or omissions, which constitute the basis for the instant dispute, occurred in Montgomery County, Tennessee.

### III. FACTUAL ALLEGATIONS

6. Defendant Wal-Mart Stores East, LP, owns and operates a business located at 2315 Madison Street, Clarksville, Tennessee 37043. Defendant operates a department store and solicits members of the public to come to its premises for the purpose of purchasing various items such as groceries, furniture, clothing, home goods, etc.; thus, Defendant, by implication, agrees to provide premises safe for use by members of the public.

7. Plaintiff Beverly Wall had occasion to patronize Defendant's place of business on August 19, 2017, to purchase groceries and other various items.

8. Inside the store, Defendant had a display of California cantaloupes for sale that caught Plaintiff Beverly Wall's attention and Plaintiff began walking around the display to pick a cantaloupe to purchase. However, her foot got caught in the open end of the pallet that Defendant used at the bottom of the display and Plaintiff fell to the floor and suffered serious personal injuries.

## IV. ALLEGATIONS OF NEGLIGENCE

9. Plaintiff Beverly Wall alleges that the pallet the Defendant had placed at the bottom of the display was not wrapped and was open and this created an unreasonably dangerous condition on the premises.

10. Plaintiffs allege that if Defendant would have wrapped the open pallet, no injuries would have occurred and that the cost to wrap the bottom of the pallet, like other Wal-Mart stores do, would have been minimal.

11. Furthermore, Plaintiffs allege that the unreasonably dangerous condition was negligently caused by the employees or agents of Defendant, and that it was reasonably foreseeable that Plaintiff Beverly Wall would encounter this dangerously defective condition, such that Defendant, by and through its employees or agents, should have corrected same.

12. Defendant owed Plaintiff Beverly Wall a duty of reasonable care for her protection while on its premises, which the Defendant negligently breached.

13. Defendant knew, or should have known, about the dangerous condition on its premises, yet maintained said premises in a dangerous, defective, and unsafe condition despite actual and/or constructive notice thereof.

## V. DAMAGES

14. As a direct and proximate result of Defendant's negligent acts and omissions, Plaintiff Beverly Wall sustained painful personal injuries, suffering and undue emotional duress, lost earning capacity, loss of wages and the loss of ability to participate in and enjoy the pleasures of life, for all which she deserves to be compensated.

15. As a direct and proximate result of Defendant's negligent acts and omissions, Plaintiff Beverly Wall has incurred and shall continue to incur medical expenses for the treatment of said injuries, for which she deserves to be compensated.

16. As a direct and proximate result of Defendant's negligent acts and omissions, as set forth above, Plaintiff Johnny Wall, husband to Plaintiff Beverly Wall, has been deprived of the services, companionship and consortium of his wife, for which he deserves compensation.

**WHEREFORE, PLAINTIFFS PRAY FOR RELIEF AS FOLLOWS:**

A) For process to issue and be served upon Defendant, requiring Defendant to answer the allegations hereof;

B) For a money judgment in favor of Plaintiff Beverly Wall against Defendant, in an amount to be determined at trial;

C) For a money judgment in favor of Plaintiff Johnny Wall against Defendant for loss of consortium, in an amount to be determined at trial;

D) For costs to be taxed to Defendant; *and*

E) For such other further and general relief to which they may be entitled under law and equity.

RESPECTFULLY SUBMITTED,
MARLOWE LAW OFFICES, PLLC,

/s/ Billy J. Marlowe
BILLY J. MARLOWE, 024146
1613 Parkway Towers
404 James Robertson Parkway
Nashville, Tennessee 37219
(615) 244-9190
(615) 244-9196 Facsimile
billymarlowe@marlowelaw.net