IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION


BEVERLY WALL and JOHNNY WALL   )
  )
v.   )     NO. 3:18-0598
  )     Crenshaw/Holmes
WAL-MART STORES EAST, L.P.   )


# O R D E R

A telephonic status/case management conference was held on May 9, 2019.  Counsel participating were:  Billy Marlowe for Plaintiffs and Greg Callaway for Defendant.  In reviewing the record in this case for preparation of this order, the Court realized for the first time that the dispositive motion schedule and trial date are not feasible.  The parties had originally proposed a target trial date of March 31, 2020, but at the initial case management conference, a new target trial date of July 14, 2020, was selected.  However, the initial case management order inadvertently included the parties' original proposed date rather than the revised date.  This resulted in the Court setting a trial only a few weeks after completion of dispositive motion briefing.  Accordingly, a new **target trial of July 14, 2020**, as discussed during the initial case management conference, is respectfully requested, and recommended by the undersigned Magistrate Judge.  This will be a **jury** trial, expected to last **approximately two (2) days**.

Counsel reported that there are no known or anticipated discovery disputes at this time.  In their last joint case resolution status report (Docket No. 12), the parties reported that further efforts to resolve this case would likely be more productive after Plaintiffs' depositions, which are now

scheduled for May 16, 2019 (Docket No. 14). The parties are therefore directed to resume efforts to resolve this case, and to make at least two more independent substantive attempts.[1] By no later than **June 28, 2019** the parties must file a second joint case resolution status report, which confirms their second attempt at case resolution. By no later than **December 13, 2019**, the parties must file a third joint case resolution status report, which either confirms their third good faith attempt to resolve this case or update the Court on the status of the intended third attempt. The parties are reminded that they may participate in mediation by agreement without further order, with the mediation to be concluded by no later than **January 10, 2020**.

A final telephonic case management conference is set for **March 5, 2020, at 10:00 a.m.,** to address: whether there remains any prospect for settlement; whether there are undisputed facts to which the parties may be able to stipulate; the prospect for stipulation of admissibility (or at least authenticity) of exhibits; and, other appropriate matters. Defendant's counsel shall initiate the call. Prior to the final case management conference, counsel must exchange preliminary exhibit lists and attempt to stipulate to authenticity and admissibility of as many exhibits as possible.[2] Counsel must also discuss possible stipulations of fact. Finally, counsel must also discuss whether, despite earlier efforts at case resolution, there is any prospect for a resolution of this case by agreement. Counsel should be prepared to discuss all these issues with the Magistrate Judge at the final case management conference. If there are any other matters affecting trial that counsel wish to discuss, they may file a joint statement of issues for discussion,

---

[1] The parties' attention is directed to this additional requirement, which the Court, after further review of the record in this case, finds appropriate.
[2] Counsel are advised that stipulations to authenticity and admissibility of exhibits are strongly encouraged.

which must be filed at least one (1) business day prior to the scheduled final case management conference.

It is SO ORDERED.


BARBARA D. HOLMES
United States Magistrate Judge