# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| BEVERLY WALL and JOHNNY WALL, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) No.: 3:18-00598 ) |
| WAL-MART STORES EAST, L.P., | ) ) ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

This is a premises liability case governed by Tennessee substantive law. Beverly Walls claims that she sustained injuries on August 19, 2017, when she tripped on a pallet containing a box of cantaloupes at a Wal-Mart store in Clarksville, Tennessee. Johnny Wall claims that he was deprived of his wife's services and companionship as a result of her injuries.

Wal-Mart now moves for summary judgment, arguing that (1) Mrs. Walls cannot establish that it had a duty to remove or warn of any danger posed by the pallet, and (2) her comparative fault caused the accident and bars her claim. In support, Wal-Mart relies upon the following undisputed facts:

1. Mrs. Walls saw the pallet as she approached the cantaloupes.

2. Mrs. Walls is familiar with pallets and the hazards they may pose.

3. Mrs. Walls was aware prior to her fall that the pallet had an open section at the bottom.

4. Mrs. Walls was aware the pallet was not wrapped in cardboard.

5. Mrs. Walls has never seen pallets wrapped in cardboard at the subject Wal-Mart.

1

  6. Mrs. Walls admits that she owes a duty to herself to look for potential trip hazards.

  7. Mrs. Walls admits that she needs to be aware of her surroundings, and that would include where you're putting your feet next to a pallet.

  8. Mrs. Walls admits that she is the only one responsible for the placement of her feet.

(Doc. No. 36 at 1-3).

  The foregoing facts – drawn from Mrs. Wall's deposition – would suggest that Wal-Mart is not liable if, in fact, Mrs. Walls walked right into the pallet after noticing it. After all, "[b]usiness proprietors are not insurers of their patron's safety." Blair v. West Town Mall, 130 S.W.3d 761, 764 (Tenn. 2004). Those facts also fit nicely within the holdings of the unpublished decisions involving pallets on which Wal-Mart relies. In Arrambide v. Wal-Mart Stores, Inc., 33 Fed. App'x 199 (6th Cir. 2012), for example, the Sixth Circuit found summary judgment in favor of Wal-Mart appropriate where plaintiff claimed that a pallet was left in a dangerous position because it blocked part of the aisle, such that a shopping cart could not pass through. In Foster v. Wal-Mart Stores E., LP, No. 3-11-3067, 2012 WL 30278943 at *2 (M.D. Tenn. July 23, 2012), Magistrate Judge Juliet Griffin found summary judgment in favor of Wal-Mart appropriate where an employee left a "bright blue" pallet on the floor by an endcap and where at least ten other shoppers successfully navigated around it before plaintiff slipped and fell.

  Mrs. Walls' deposition testimony, however, was not so simple. She testified that she was generally aware of the pallet because she "probably" saw it in her "peripheral vison," but she "was more concerned with the cantaloupes." (Doc. No. 29, Pf. Depo. at 48). Specifically, as she was standing on one side of the pallet, her attention was drawn to a yellower cantaloupe on the other side of the pallet. When she went to reach for it, her big toe got caught in the open underside of the pallet

at its corner, throwing her off-balance and causing her to fall because there was nothing to grab on to. Moreover, Mrs. Walls submits that a "Watch Step" arrow printed on the box of cantaloupes was covered with a pricing sign; the box of cantaloupes was not placed flush with the pallet; customers desiring to purchase a cantaloupe would have to reach over and into the box; and the box and the pallet were of the same general color.[1]

Wal-Mart has not cited, and this Court has not found any Tennessee case that has held that the presence of a pallet on a store's floor is so open and obvious that liability can never attach. To the contrary, the Tennessee Supreme Court has generally stated that "whether the danger was known and appreciated by the plaintiff, whether the risk was obvious to a person exercising reasonable perception, intelligence, and judgment, and whether there was some other reason for the defendant to foresee the harm, are all relevant considerations," and thus, the "risk of harm may be foreseeable and unreasonable, thereby imposing a duty on a defendant, despite its potentially open and obvious nature." Coln v. City of Savannah, 966 S.W.2d 34, 42 (Tenn. 1998). Thus, "Tennessee courts tend to find that stores owe a duty of care to protect shoppers against the risk of harm posed by open-and-obvious conditions where it is reasonably foreseeable that customers will be distracted by the store's merchandise and fail to notice the condition." McDavid v. ALDI, Inc., No. 216CV02699SHMCGC, 2017 WL 2954424, at *6–7 (W.D. Tenn. July 10, 2017). "Decisions like Arrambide and Foster do not contradict that premise." (Id.).

---

[1] Contrary to this Court's local rules, Walls' counsel did not set forth additional facts "in [] separate, numbered paragraphs with specific citation to the record," L.R. 56.01(c)(3), so that Wal-Mart could either agree with, or dispute those facts. As a consequence, the Court was required to read the entirety of Walls' deposition, as well as review the 125-plus pages of attachments in order to ensure that the factual statements provided by the Walls were supported by the record. Counsel is cautioned to comply with this Court's local rules in the future or risk an adverse ruling.

Here, when the facts and the inferences to be drawn therefrom are construed in Walls' favor as they must be on a motion for summary judgment, Jackson v. City of Cleveland, 925 F.3d 793, 806 (6th Cir. 2019), a jury question is presented if for no other reason than Mrs. Walls testified that her attention was directed towards the cantaloupes, not the pallet. "While an invitee has a duty to familiarize herself with her environs to avoid obvious dangers, a store competes for the customer's attention by encouraging her to look at and purchase items for sale." Foster, 2012 WL 3027843 at *3. Therefore, a duty may arise, despite the obviousness of the dangerous condition, if the owner "has reason to expect that the invitee's attention may be distracted, so that [s]he will not discover what is obvious, or will forget what [s]he has discovered, or fail to protect h[er]self against it." Coln, 966 S.W.2d at 41. Such was the case in McDavid, 2017 WL 2954424 at *4, where plaintiff backed into a pallet and injured herself because it "would have been foreseeable" that a customer could become "distracted by merchandise in the freezer unit" and "momentarily forget" about the pallet she had seen. It was also the case in Fox v. Food Lion, Inc., Store #539, No. E191100015COAR3CV, 2000 WL 1424805, at *4 (Tenn. Ct. App. Sept. 21, 2000), where plaintiff fractured her hip after tripping over a wooden display base on the floor when her attention was drawn to a box of crackers on an adjacent shelf. See also Huegel v. Target Corp., No. 3:15-CV-550, 2017 WL 745589, at *5 (M.D. Tenn. Feb. 27, 2017) ("Presumably, Target could reasonably anticipate that customers in the Franklin store would be focused on the products on the shelves, as Mrs. Huegel testified she was, rather than on the floor of the store's aisles.").

Wal-Mart's alternative argument that Walls' "own negligence is greater than or at least equal to any fault attributable to Wal-Mart and therefore [her] claim is barred" (Doc. No. 31 at 2) goes nowhere. "[C]omparative fault is a question of fact within the jury's province, which should not

4

lightly be invaded by the trial court." LaRue v. 1817 Lake Inc., 966 S.W.2d 423, 427 (Tenn. Ct. App.1997); see also Wilson v. TMBC, LLC, No. W2013-01907-COA-R3CV, 2014 WL 2191992, at *6 (Tenn. Ct. App. May 27, 2014) ("Tennessee courts have frequently held that comparative fault is a jury question unless the proof is so clear that reasonable minds could not disagree"); Timmons v. Metro. Gov't of Nashville and Davidson Cnty., 307 S.W.3d 735, 745 (Tenn. Ct. App. 2009) ("The degree of fault of each party in producing the injury is a circumstance for the finder of fact to consider and determine.").

Based on the foregoing, the Motion for Summary Judgment filed by Wal-Mart Stores East, L.P. (Doc. No. 24) is **DENIED.**

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE